UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MICHAEL G. FLASH | CIVIL ACTION NO. 07-1522 |
| ALLISON R. FLASH | |
| Individually and obo of their | |
| minor son, RMF | JUDGE MELANÇON |
| | |
| VS. | |
| | MAGISTRATE JUDGE METHVIN |
| CONTINENTAL AIRLINES, INC. | |
| EXPRESS JET AIRLINES, INC. | |

*REPORT AND RECOMMENDATION*
*ON MOTION FOR PARTIAL DISMISSAL*
*Rec. Docs. 8*

Before the court is a motion for partial dismissal filed by defendants Continental Airlines,

Inc., ExpressJet Airlines, Inc.  Plaintiffs filed an opposition and defendants replied.[1]

*Background*

Plaintiff Michael Flash ("Flash") alleges that while he was aboard a Continental flight

over southwest Louisiana, the aircraft began a steep dive, causing him to strike his head on the

overhead compartment.[2]  Plaintiffs filed suit, alleging tort and contractual claims, in the 16th

Judicial District Court, Iberia Parish, State of Louisiana naming Continental Airlines, Inc.,

ExpressJet Airlines, Inc.[3]  Defendants removed the case to this court, alleging that the court has

---

[1] Rec. Doc. 14 and 21.

[2] Rec. Doc. 1-2.

[3] Rec. Doc. 1-2.

2

diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4]  On December 20, 2007, the district judge

found that diversity jurisdiction exists, and therefore plaintiff's motion to remand was denied.[5]

### Contention of the Parties

The sole issue is whether plaintiffs have stated a claim under Louisiana law for

defendants' breach of contract.  Defendants maintain that Louisiana unequivocally provides that

the alleged negligence of a common carrier which results in personal injuries gives rise to an

action in tort.  Plaintiffs contend that they have both tort and contractual claims against

defendants for the failure of the airline to provide safe air travel.

### Legal Analysis

The district court, sitting in diversity jurisdiction, must apply the substantive law of

Louisiana, while employing Federal procedural rules.  Erie R. Co. v. Tompkins, 304 U.S. 64, 58

S.Ct. 817, 82 L.Ed. 1188 (1938).

"A motion to dismiss 'may be granted only if it appears that no relief could be granted

under any set of facts that could be proven consistent with the allegations'." Meadowbriar Home

For Children, Inc. v. G.B. Gunn, et al., 81 F.3d 521, 529 (5th Cir. 1996), citing Bulger v. United

States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995).  The allegations in the complaint are

construed favorably to the pleader and accepted as true for purposes of the well-pleaded

complaint rule.  Id., 81 F.3d at 529; see also La Porte Constr. Co. v. Bayshore Nat'l. Bank, 805

F.2d 1254, 1255 (5th Cir. 1996).  The district court must take the factual allegations of the

complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in

---

[4] Rec. Doc. 1.

[5] Accordingly, there will be no oral argument.

3

favor of the plaintiff.  Jefferson v. Lead Industries Ass'n., Inc., 106 F.3d 1245, 1250 (5th Cir. 1996), citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

### Contractual claims

Flash alleges that he was injured while flying on defendants' aircraft.  The petition raises claims for negligence and breach of contract.  Plaintiffs' breach of contract claim states:

> The incident complained of herein resulted from the failure of Continental and/or ExpressJet individually and/or vicariously though its flight crew employees, to fulfill its/their obligation to Plaintiff, a revenue passenger, under the terms and conditions of the applicable contract of carriage thereby rendering Defendants, as a common carrier, singly or in combination, strictly liable to Plaintiffs.[6]

Defendants dispute that under Louisiana law plaintiffs have a claim for breach of contract in this case.

In Louisiana, in order to determine whether an issue sounds in contract or tort, the court must look to "the nature of the duty breached."  Roger v. Dufrene,  613 So.2d 947, 948 (La. 1993) citing Sciacca v. Polizzi, 403 So.2d 728, 730 (La.1981) quoting Kozan v. Comstock, 270 F.2d 839, 844 (5th Cir.1959).  The distinction between "damages ex contractu" and "damages ex

---

[6] Rec. Doc. 1-2 at Paragraph VIII.

4

delicto" is that damages ex contractu arise out of the breach of a special obligation contractually assumed by the obligor, whereas the damages ex delicto flow from the violation of a general duty owed to all persons.  Harrison v. Gore, 660 So.2d 563, 568 (La.App. 2 Cir. 1995) *citing* Davis v. LeBlanc, 149 So.2d 252 (La.App. 3d Cir.1963).   The term "ex delicto" is used in law to indicate the consequences of a tort.  Scott v. American Tobacco Co., Inc., 2007 WL 495259, *21 (La.App. 4 Cir. 2007).

It is well-settled under Louisiana jurisprudence that a personal injury suit against a common carrier sounds in tort, regardless of any contract which may exist.

> There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject.  The case of the common carrier furnishes us with a classic illustration. The law requires it to carry with impartiality and safety those who offer themselves as passengers.  If it fails to do so, it is chargeable with a tort...

Sizeler v. Employers' Liability Assur. Corp.,102 So.2d 326, 328 (La. App. 4 Cir. 1958).

 Louisiana case law "consistently has recognized that an action against a common carrier for failure to carry a passenger without physical harm is a tort or quasi offense...  The contract of carriage between the plaintiffs and the defendant merely determines the duty owed by the defendant and does not change the nature of the cause of action..." Bean v. Texas Intern. Airlines, Inc., 305 So.2d 553, 554 (La. 4 Cir. 1975) *citing*  Stephenson v. New Orleans Ry. & Light Co., 165 La. 132, 115 So .412 (La. 1928).

As noted in Sizeler, Louisiana's "common carrier doctrine" imposes a duty on common carriers "to carry with impartiality and safety those who offer themselves as passengers."  The nature of the duty breached in a common carrier case is not one arising from a special obligation contractually assumed, but flows instead from a heightened duty, created by law, owed to all

5

passengers.  In contracting to transport passengers, common carriers undertake "grave obligations."  <u>Gill v. Doe</u>, 479 So.2d 36 (La.App. 4 Cir.1985).  Common carriers are, therefore, imposed with a "stringent"duty as it relates to passengers, rather than the basic duty of reasonable care owed in most situations.  <u>Amos v. St. Martin Parish Sch. Bd.</u>, 2000-808 (La.App. 3 Cir. 12/6/00), 773 So.2d 300, 302.  Because of this heightened duty to provide safe passage, when a passenger is injured, the burden shifts to the common carrier to show that it was free of negligence contributing to the resulting injury.  <u>King v. King</u>, 253 La. 270, 217 So.2d 395 (1968); <u>Galland v. New Orleans Public Service, Inc.</u>, 377 So.2d 84 (La. 1979).  This doctrine "applies in all circumstances where a passenger suffers an injury when boarding, traveling aboard, or disembarking a common carrier's vehicle."  <u>Amos v. St. Martin Parish Sch. Bd.</u>, <u>supra</u>.

In the case at bar, Flash alleges personal injuries while a passenger.  Applying the foregoing authorities, it is clear that the claims sound in tort and not contract.  *See* <u>Harrison v. Gore</u>, <u>supra</u>.

Plaintiff does not address the foregoing, but instead cites <u>Vick v. National Airlines, Inc.</u>, 409 So.2d 383 (La. App. 4 Cir. 1982) for the proposition that a breach of contract by a common carrier can give rise to damages for pain and suffering and mental anguish.  This case is easily distinguished from the case at bar, as <u>Vick</u> did not involve any physical injury to the travelers, and therefore did not involve the general duty owed by a common carrier to all passengers.  In <u>Vick</u>, plaintiffs bought tickets for a non-stop flight from New Orleans to Miami.  Without notice to plaintiffs, defendant's plane stopped in Pensacola and was delayed.  As a result, plaintiffs were unable to arrive in Miami in time to catch a connecting flight to the Carribean, where they were vacationing for Christmas.  The court concluded that the airline had contracted to fly plaintiffs

6

non-stop to Miami, the flight was directly linked to the gratification of intellectual enjoyment (the vacation), and the breach of the contract caused plaintiffs' damages.[7]  Id. at 385.  Thus, unlike the instant case, the claim in Vick did not arise from the common carrier's general obligation to provide safe passage, but rather arose from the common carrier's specific obligation assumed to provide plaintiffs with non-stop air travel.

 Plaintiffs' claims are clearly tort claims arising from defendants' general obligations to provide safe passage to all passengers.  Accordingly, defendants' motion for partial dismissal should be granted and plaintiffs' contractual claims dismissed.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that defendants' motion for partial dismissal for failure to state a claim be **GRANTED** and plaintiffs' contractual claims be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

---

[7] The court noted that this holding was case specific:

> Despite our holding, we do not mean to imply that any airline passenger who misses a connecting flight is entitled to recovery from the airline. We are aware that missed flights occur from time to time and that the airlines provide passengers with hotel accommodations or alternate flights to rectify the travelers' problems. We are also aware of the problems and delays caused by bad weather; however, the Vicks purchased tickets for a non-stop flight but were not informed beforehand of National's decision, for business reasons or otherwise, to change the flight plan. Plaintiffs were subjected to an unscheduled stop and delay in Pensacola under adverse weather conditions and were not afforded reasonable assistance by National personnel either there or in Miami to arrange alternate accommodations. Defendant's failure was in not adequately informing plaintiffs of the changed flight schedule and in being callous to the problems caused by the delays and the airline's decision to make an unannounced stop in Pensacola. Plaintiffs are entitled to recovery.

7

respond to another party's objections within ten (10) days after receipt of a copy of any

objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.  See**

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on January 25, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)